IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ALABAMA

SOUTHERN DIVISION



FILED
MAY 08 2019
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 2:19-cr-174-MHH-JHE |
| | ) | |
| IAN TYLER RETTIG | ) | |

## PLEA AGREEMENT

The Government and defendant hereby acknowledge the following plea agreement in this case:

### PLEA

The defendant agrees to plead guilty to **COUNT ONE** of the Indictment filed in the above numbered and captioned matter. In exchange, the United States Attorney, acting on behalf of the Government and through the undersigned Assistant United States Attorney, agrees to the disposition specified below, subject to the conditions in paragraphs **VIII** and **IX**.

# TERMS OF THE AGREEMENT

## I. MAXIMUM PUNISHMENT

The Parties understand that the maximum statutory punishment that may be imposed for the crime of Possession of a Firearm After having Been Convicted of a Felony, in violation of Title 18, United States Code, Sections 922(g)(1), as charged in COUNT ONE is:

    a. Imprisonment for not more than 10 years;

    b. A fine of not more than $250,000, or,

    c. Both (a and b);

    d. Supervised release of not more than 3 years; and

    e. Special Assessment Fee of $100 per count.

\* *In the case of a person who violates section 922(g) of this title and has three previous convictions by any court for a violent felony or a serious drug offense, or both, such person shall be imprisoned not less than fifteen years.*

## II. FACTUAL BASIS FOR PLEA

On October 22, 2018, Vestavia Hills Police Department officers were dispatched to 2308 Wexford Lane, Vestavia, AL on a suspicious person. The 911 caller advised that a male was sitting in her front yard and seemed to be disoriented. Officer Mark Fifles arrived at the location and made contact with Ian Tyler RETTIG. As Officer Fifles approached RETTIG, he immediately observed a hard object in RETTIG's right jacket pocket that he recognized as a handgun. Officer Fifles retrieved the weapon, a CZ 9mm pistol, and attempted to detain RETTIG. RETTIG then tried to elude Officer Fifles by running between houses and jumping several fences. RETTIG collapsed in the driveway of a nearby house and was taken into custody. During a search incident to arrest, officers discovered an unmarked



prescription bottle containing five Xanax bars and two purple "nuggets" of an unknown substance. The government and defendant agree that the substances that were found are not to be used for sentencing enhancement purposes. The firearm was determined to have been stolen from the City of Hoover.

It was further determined that RETTIG has several felony convictions. RETTIG was convicted on November 6, 2017, in the Circuit Court of Shelby County, Alabama, of the offenses of Receiving Stolen Property, First Degree, in case number CC-17-737, and Unlawful Breaking and Entering of a Motor Vehicle, in case numbers CC-17-188, CC-17-189, CC-17-190, CC-17-191, and CC-17-192. The firearm was determined to have affected interstate commerce and function as designed.

**The defendant hereby stipulates that the facts stated above are substantially correct and that the Court can use these facts in calculating the defendant's sentence. The defendant further acknowledges that these facts do not constitute all of the evidence of each and every act that the defendant and/or any co-conspirators may have committed.**

_____
**IAN TYLER RETTIG**

## III. RECOMMENDED SENTENCE

Subject to the limitations in paragraph **VIII** regarding subsequent conduct and pursuant to Rule 11(c)(1)(B), Fed.R.Crim.P., the government will recommend the following disposition:

    (a)    That the defendant be awarded an appropriate reduction in

offense level for acceptance of responsibility;

(b) That the defendant be remanded to the custody of the Bureau of Prisons and incarcerated for a term consistent with the **low end** of the advisory United States Sentencing Guideline range as that is determined by the court on the date that the sentence is pronounced;

(c) That following the said term of imprisonment, the defendant be placed on supervised release for a period to be determined by the court, subject to the standard conditions of supervised release as set forth in U.S.S.G § 5D1.3,

(d) That the defendant be required to pay a fine in accordance with the sentencing guidelines, said amount due and owing as of the date sentence is pronounced, with any outstanding balance to be paid in full by the expiration of the term of supervised release;

(e) That the defendant be required to pay restitution as ordered by the court on the date sentence is pronounced. If any other restitution becomes known to the government before the date of sentencing, the government reserves the right to request additional restitution; and



(f) That the defendant pay a special assessment fee of $100, said amount due and owing as of the date sentence is pronounced.

## IV. <u>WAIVER OF RIGHT TO APPEAL AND POST-CONVICTION RELIEF</u>

In consideration of the recommended disposition of this case, I, IAN TYLER RETTIG, hereby waive and give up my right to appeal my conviction and/or sentence in this case, as well as any fines, restitution, and forfeiture orders, the court might impose. Further, I waive and give up the right to challenge my conviction and/or sentence, any fines, restitution, forfeiture orders imposed or the manner in which my conviction and/or sentence, any fines, restitution, and forfeiture orders were determined in any post-conviction proceeding, including, but not limited to, a motion brought under 28 U.S.C. § 2255.

The defendant reserves the right to contest in an appeal or post-conviction proceeding the following:

(a) Any sentence imposed in excess of the applicable statutory maximum sentence(s);

(b) Any sentence imposed in excess of the guideline sentencing



>   range determined by the court at the time sentence is imposed; and
>
>   (c)   Ineffective assistance of counsel.

The defendant acknowledges that before giving up these rights, the defendant discussed the Federal Sentencing Guidelines and their application to the defendant's case with the defendant's attorney, who explained them to the defendant's satisfaction.   The defendant further acknowledges and understands that the government retains its right to appeal where authorized by statute.

I, IAN TYLER RETTIG, hereby place my signature on the line directly below to signify that I fully understand the foregoing paragraphs, and that I am knowingly and voluntarily entering into this waiver.

_____
**IAN TYLER RETTIG**

## V.   UNITED STATES SENTENCING GUIDELINES

Defendant's counsel has explained to the defendant, that in light of the United States Supreme Court's decision in <u>United States v. Booker</u>, the federal sentencing guidelines are **advisory** in nature.   Sentencing is in the Court's discretion and is no longer required to be within the guideline range.   The



defendant agrees that, pursuant to this agreement, the court may use facts it finds by a preponderance of the evidence to reach an advisory guideline range, and defendant explicitly waives any right to have those facts found by a jury beyond a reasonable doubt.

## VI. AGREEMENT NOT BINDING ON COURT

The defendant fully and completely understands and agrees that it is the Court's duty to impose sentence upon the defendant and that any sentence recommended by the government is **NOT BINDING UPON THE COURT,** and that the Court is not required to accept the government's recommendation. Further, the defendant understands that if the Court does not accept the government's recommendation, the defendant does not have the right to withdraw the guilty plea.

## VII. VOIDING OF AGREEMENT

The defendant understands that should the defendant move the Court to accept the defendant's plea of guilty in accordance with, or pursuant to, the provisions of North Carolina v. Alford, 400 U.S. 25 (1970), or tender a plea of *nolo contendere* to the charges, this agreement will become NULL and VOID.   In

*IB*

that event, the Government will not be bound by any of the terms, conditions, or recommendations, express or implied, which are contained herein.

## VIII. SUBSEQUENT CONDUCT

**The defendant understands that should the defendant violate any condition of pretrial release or violate any federal, state, or local law, or should the defendant say or do something that is inconsistent with acceptance of responsibility, the United States will no longer be bound by its obligation to make the recommendations set forth in paragraph III of the Agreement, but instead, may make any recommendation deemed appropriate by the United States Attorney in her sole discretion.**

## IX. OTHER DISTRICTS AND JURISDICTIONS

The defendant understands and agrees that this agreement **DOES NOT BIND** any other United States Attorney in any other district, or any other state or local authority.

## X. COLLECTION OF FINANCIAL OBLIGATION

In order to facilitate the collection of financial obligations to be imposed in



connection with this prosecution, the defendant agrees to fully disclose all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party. The defendant also will promptly submit a completed financial statement to the United States Attorney's Office, in a form that it provides and as it directs. The defendant also agrees that the defendant's financial statement and disclosures will be complete, accurate, and truthful. Finally, the defendant expressly authorizes the United States Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

## XI. AGREEMENT REGARDING RELEVANT CONDUCT AND RESTITUTION

As part of the defendant's plea agreement, the defendant admits to the above facts associated with the charges and relevant conduct for any other acts. The defendant understands and agrees that the relevant conduct contained in the factual basis will be used by the Court to determine the defendant's range of punishment under the advisory sentencing guidelines. The defendant admits that all of the crimes listed in the factual basis are part of the same acts, scheme, and course of

9



conduct. This agreement is not meant, however, to prohibit the United States Probation Office or the Court from considering any other acts and factors which may constitute or relate to relevant conduct. Additionally, if this agreement contains any provisions providing for the dismissal of any counts, the defendant agrees to pay any appropriate restitution to each of the separate and proximate victims related to those counts should there be any.

## XII. TAX, FORFEITURE, AND OTHER CIVIL/ADMINISTRATIVE PROCEEDINGS:

Unless otherwise specified herein, the parties understand and acknowledge that this agreement does not apply to or in any way limit the government's authority to pursue any pending or prospective proceedings related to Defendant's **tax liabilities**, if any, or to any pending or prospective **forfeiture** or other **civil** or **administrative proceedings**, including any civil or administrative forfeiture proceedings.

Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the

offense(s) to which defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and Defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

## XIII. DEFENDANT'S UNDERSTANDING

I have read and understand the provisions of this agreement consisting of 13 pages. I have discussed the case and my constitutional and other rights with my lawyer. I am satisfied with my lawyer's representation in this case. I understand that by pleading guilty, I will be waiving and giving up my right to continue to plead not guilty, to a trial by jury, to the assistance of counsel at that trial, to confront, cross-examine, or compel the attendance of witnesses, to present evidence in my behalf, to maintain my privilege against self-incrimination, and to the presumption of innocence. I agree to enter my plea as indicated above on the terms and conditions set forth herein.

**NO OTHER PROMISES OR REPRESENTATIONS HAVE BEEN**



**MADE TO ME BY THE PROSECUTOR, OR BY ANYONE ELSE, NOR HAVE ANY THREATS BEEN MADE OR FORCE USED TO INDUCE ME TO PLEAD GUILTY.**

I further state that I have not had any drugs, medication, or alcohol within the past 48 hours except as stated here: __None__ .

I understand that this Plea Agreement will take effect and will be binding as to the Parties **only** after all necessary signatures have been affixed hereto.

I have personally and voluntarily placed my initials on every page of this Agreement and have signed the signature line below to indicate that I have read, understand, and approve all of the provisions of this Agreement, both individually and as a total binding agreement.

_April/24/2019_
DATE

_/s/ Ian Tyler Rettig_
IAN TYLER RETTIG
Defendant

## XIV. COUNSEL'S ACKNOWLEDGMENT

I have discussed this case with my client in detail and have advised my client of all of my client's rights and all possible defenses. My client has

conveyed to me that my client understands this Agreement and consents to all its terms. I believe the plea and disposition set forth herein are appropriate under the facts of this case and are in accord with my best judgment. I concur in the entry of the plea on the terms and conditions set forth herein.

4/24/2019
DATE

ALISON WALLACE
Defendant's Counsel

## XV. GOVERNMENT'S ACKNOWLEDGMENT

I have reviewed this matter and this Agreement and concur that the plea and disposition set forth herein are appropriate and are in the interests of justice.

JAY E. TOWN
United States Attorney

5-8-19
DATE

JOHN B. FELTON
Assistant United States Attorney

